

## Complaint_3-11-2022.pdf

| | |
|---|---|
| DocVerify ID: | 2EA83341-78BC-462A-B58C-D3C91739DA14 |
| Created: | March 11, 2022 10:11:01 -8:00 |
| Pages: | 19 |
| Remote Notary: | Yes / State: FL |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

**E-Signature Summary**

**E-Signature 1: Bryce Rasnake (BR)**
March 11, 2022 10:22:10 -8:00 [D9BA2ED5EC1F] [72.185.46.155]
brycerasnake@gmail.com (Principal) (Personally Known)

**E-Signature Notary: Sandra L. Santiago (SLS)**
March 11, 2022 10:22:10 -8:00 [844BD704F751] [47.203.136.141]
sandrasantiago3672@hotmail.com
I, Sandra L. Santiago, did witness the participants named above
electronically sign this document.



DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat.
All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.



**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**IN ADMIRALTY**

**Case #**

**BRYCE RASNAKE,**

      Plaintiff,

v.

**ONE 2019 26' MONTEREY BOATS M-65**
**(HIN RGFDJ208I819/FL REG. FL8322SL),**
**its engines, tackle, equipment, appurtenances, etc.,** *in rem*;
**JASON JEFFRY LONG,** *in personam;*
**SALT LUXURY CHARTERS, INC.,** *in personam,*
**COLLABORATIVE BOATING, INC.**
**d/b/a BOATSETTER,** *in personam,*
**and STEVEN ANTHONY SCHUMACHER,** *in personam,*

      Defendants.

_____/

## <u>VERIFIED COMPLAINT</u>

    **COMES NOW**, Plaintiff, BRYCE RASNAKE, by and through the undersigned

counsel, and files his Complaint against Defendants, ONE 2019 26' MONTEREY

BOATS M-65 (HIN RGFDJ208I819/FL REG. FL8322SL), its engines, tackle,

equipment, appurtenances, etc., *in rem*; JASON JEFFRY LONG, *in personam*;

SALT LUXURY CHARTERS, INC., *in personam*, COLLABORATIVE

BOATING, INC. d/b/a BOATSETTER, *in personam*, STEVEN ANTHONY

SCHUMACHER, *in personam*, and states:

1

2EA83341-78BC-462A-B58C-D3C91739DA14 — 2022/03/11 10:11:01 -8:00 — Remote Notary

## PARTIES, JURISDICTION AND VENUE

1. This is an action for damages against Defendants in excess of Seventy-Five Thousand Dollars ($75,000.00).

2. Jurisdiction is proper in this Court under 28 U.S.C. 1333, and Article III, section 2 of the U.S. Constitution, which provides federal courts with original jurisdiction to hear admiralty or maritime cases, "saving to suitors in all cases all other remedies to which they may be entitled".

3. At all times material to this cause of action, Plaintiff, BRYCE RASNAKE ('RASNAKE'), was/is a citizen of the State of Florida and is in all ways *sui juris*.

4. Upon information and belief, at all times material to this action, Defendant, JASON LONG ('LONG'), was/is a citizen of the State of Florida, is in all ways *sui juris*, and is the registered owner of the Defendant vessel, ONE 2019 26' MONTEREY BOATS M-65 (HIN RGFDJ208I819/FL REG. FL8322SL) (the 'Vessel').

5. At all material times, Defendant, SALT LUXURY CHARTERS, INC., a Florida corporation, owned by LONG, was in the business of renting, leasing, chartering, and marketing the subject Vessel to the public for commercial gain, and for the incident in question.

6. Defendant, STEVEN ANTHONY SCHUMACHER ('SCHUMACHER'), a Florida resident, was Captaining the Vessel at the time of the incident, and

2.

DocVerify ID: 2EA83341-78BC-462A-B58C-D3C91739DA14
www.docverify.com

2EA83341-78BC-462A-B58C-D3C91739DA14 — 2022/03/11 10:11:01 -8:00 — Remote Notary

maintained operational control of its navigation throughout the duration of the subject voyage.

7. Defendant, COLLABORATIVE BOATING, INC. d/b/a BOATSETTER ('BOATSETTER'), is a Florida corporation in the business of operating and maintaining an online vessel chartering platform, available to the public, which connects boat owners and Captains to renters.

8. The Defendant Vessel, a 2019 26' MONTEREY BOATS M-65 (HIN RGFDJ208I819/FL REG. FL8322SL), is registered in the State of Florida, and is subject to the jurisdiction of this Court because it committed a tortious act or omission within this State.

9. At all times material to this cause of action, the Vessel was operating on the navigable waters of the State of Florida, in or around Old Tampa Bay, in Hillsborough County, Florida.

10. Venue is proper in this Court pursuant to 28 U.S. Code §1391(b)(2) because a substantial amount of the events forming the basis of this action occurred in this District, on the navigable waters of Florida, on Old Tampa Bay, in or around Hillsborough County.

**<u>FACTUAL ALLEGATIONS COMMON TO ALL COUNTS</u>**

11. On July 31, 2020, Plaintiff, BRYCE RASNAKE, was among a group of nine passengers onboard the Vessel for a day trip, pursuant to a charter arranged through a boat rental website, owned and maintained by Defendant

3

2EA83341-78BC-462A-B58C-D3C91739DA14 — 2022/03/11 10:11:01 -8:00 — Remote Notary

BOATSETTER.

12. Upon information and belief, the Vessel's registered owner was Defendant LONG, and its operations were managed in whole or part by LONG's affiliated company, SALT LUXURY CHARTERS, INC.

13. Upon information and belief, Defendant, SCHUMACHER, was hired by Defendants, LONG, SALT LUXURY CHARTERS, INC., and/or BOATSETTER, to serve as the Captain in command of the Vessel's operation and navigation throughout the duration of the charter.

14. On July 31, 2020, around 4:25 p.m., SCHUMACHER was operating the Vessel on Old Tampa Bay, cruising southbound from Howard Franklin Bridge toward Gandy Bridge, when a female passenger, Cierra D. Cunningham, fell off the side of the Vessel and into the water.

15. Immediately after Ms. Cunningham fell overboard, some of the other occupants announced that the passenger was unable to swim. Captain SCHUMACHER attempted to throttle down and turn the Vessel around to retrieve Ms. Cunningham from the water.

16. The Vessel approached the overboard Ms. Cunningham, who appeared to be flailing her arms and in clear distress.

17. Once the Vessel reached the drowning Ms. Cunningham, Captain SCHUMACHER began rummaging and panicking throughout the boat in an apparent and ultimately unsuccessful attempt to locate a personal flotation

4

2EA83341-78BC-462A-B58C-D3C91739DA14 — 2022/03/11 10:11:01 -8:00 — Remote Notary

device for Ms. Cunningham.

18. Observing how long it took to reach the overboard Ms. Cunningham, along with the Captain's inability to locate rescue equipment, Mr. RASNAKE (a strong swimmer) jumped into the water to save the distressed Ms. Cunningham from drowning.

19. Plaintiff, Mr. RASNAKE, treaded water along while Ms. Cunningham grasped onto him, as they waited for Captain SCHUMACHER to throw out a life raft or *some* sort of flotation or rescue device; however, Captain SCHUMACHER never provided such a lifesaving device.

20. Using his last bit of energy, Mr. RASNAKE swam up to the Vessel with Ms. Cunningham clenched onto to his back, and remained in the water while Ms. Cunningham was rendered safe on the deck of the Vessel.

21. Mr. RASNAKE reached for the Vessel's ladder in an attempt to board the Vessel, however, the ladder quickly slipped from Mr. RASNAKE's grip as the Vessel moved away from him. Exhausted, Mr. RASNAKE tried to grab onto the starboard stern quarter of the Vessel but the moving Vessel remained just beyond Mr. RASNAKE's reach.

22. Suddenly, and without any warning that the propeller was still engaged, Mr. RASNAKE felt an intense series of chopping sensations to his left leg.

23. Mr. RASNAKE attempted to climb the ladder, however, Mr. RASNAKE quickly realized that he was injured to a degree that prevented him from being

5

able to get himself out of the water. Mr. RASNAKE loudly informed the Vessel occupants that he was injured. Once Mr. RASNAKE was able to hoist himself onto the swim platform, it became apparent that the feeling he experienced was his left leg being mutilated by the Vessel's propeller.

24. Plaintiff, Mr. RASNAKE, sustained serious, permanent, and life-altering injuries as a result of the July 31, 2020, incident, which was caused by the negligent acts and/or omissions of Defendants in arranging, managing, and operating the subject voyage.

## COUNT I: NEGLIGENCE CLAIM AGAINST
## ONE 2019 26' MONTEREY BOATS M-65 (HIN RGFDJ208I819/ FL REG. FL8322SL), *IN REM*

25. Plaintiff, BRYCE RASNAKE, incorporates herein by reference the allegations in paragraphs 1-24 as if fully set forth herein.

26. Under maritime law a vessel is responsible for its torts. *In rem* proceedings are brought under the general maritime law of the United States. *Lauritzen v. Larsen*, 345 U.S. 571, 574 (1953).

27. Defendants, SCHUMACHER, LONG, and SALT LUXURY CHARTERS, INC., are owners, agents, and/or employees of the Vessel, and in such capacity had a legal duty to operate and maintain the Defendant Vessel under all articulated U.S. Coast Guard Navigation Rules in the navigation of the Vessel while on the navigable waters of the State of Florida for the protection of other vessels, property, and human life.

DocVerify ID: 2EA83341-78BC-462A-B58C-D3C91739DA14
www.docverify.com
Page 6 of 19    6D3C91739DA14

28. Upon information and belief, the Vessel is now, or during the pendency of this action will be, within the jurisdiction of this Court.

29. At all times material hereto, the Defendant Vessel breached its aforementioned duties, when it failed to use reasonable care in the operation of the Defendant Vessel, by:

    a. Failed to provide a seaworthy Vessel;

    b. Failed to keep a proper lookout;

    c. Failed to maintain appropriate safety equipment onboard the Vessel;

    d. Failed to appropriately maneuver the Vessel;

    e. Failed to employ a competent master for the subject voyage;

    f. Failed to engage/employ competent and attentive Captain and crewmen;

    g. Failed to employ adequate means of selecting crewmembers;

    h. Failed to assign an adequate number of employees to supervise the contemplated voyage;

    i. Failed to disengage the Vessel's propeller while situated within unsafe proximity to overboard passengers in the vicinity;

    j. Failed to adequately train the Vessel's crewmembers and masters;

    k. Failed to warn passengers of the unseaworthiness of the Vessel;

    l. Operated the Vessel in a careless manner.

30. As a direct and proximate result of the aforementioned acts of Vessel's

DocVerify ID: 2EA83341-78BC-462A-B58C-D3C91739DA14
www.docverify.com

2EA83341-78BC-462A-B58C-D3C91739DA14 — 2022/03/11 10:11:01 -8:00 — Remote Notary

negligence, Plaintiff, BRYCE RASNAKE, suffered damages, including, but not limited to, medical bills and hospitalization, loss of earnings, loss of earnings capacity, emotional distress, permanent scarring, loss of the enjoyment of life, and pain and suffering in the past and in the future.

**WHEREFORE**, Plaintiff, BRYCE RASNAKE, demands judgment against Defendant Vessel, ONE 2019 26' MONTEREY BOATS M-65 (HIN RGFDJ208I819/ FL REG. FL8322SL), ITS ENGINES, TACKLE, EQUIPMENT, APPURTENANCES, ETC., for his damages, including but not limited to, Plaintiff's medical bills (past and future), loss of earnings, loss of earnings capacity, emotional distress, permanent scarring, loss of the enjoyment of life, pain and suffering (past and future), the costs incurred by Plaintiff in bringing this action, and any such other remedy and relief as this Court may deem just and appropriate.

<u>**COUNT II: MARITIME LIEN AGAINST**</u>
<u>**ONE 2019 26' MONTEREY BOATS M-65 (HIN RGFDJ208I819/FL REG.**</u>
<u>**FL8322SL)** *IN REM*</u>

31. Plaintiff, BRYCE RASNAKE, incorporates and realleges the allegations in Paragraphs 1-24, and 26-29, and further states as follows

32. Defendant Vessel injured Plaintiff as a direct and proximate result of the negligent acts or omissions described in Count I, at Paragraphs 25 through 29, while navigating in the coastal waters of the State of Florida, on Old Tampa Bay, near Hillsborough County, due to no fault of Plaintiff.

33. Pursuant to 46 U.S.C. 31301(5)(B), the tort visited upon Plaintiff by the

8

DocVerify ID: 2EA83341-78BC-462A-B58C-D3C91739DA14
www.docverify.com

Defendant Vessel gives rise to a maritime lien against the Defendant Vessel, a 2019 26' MONTEREY BOATS M-65 (HIN RGFDJ208I819/FL REG. FL8322SL), and in favor of Plaintiff for the damages caused by the Vessel.

34. Plaintiff is entitled to execute his said maritime lien by way of arrest of the Vessel, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Local (Admiralty) Rule 7.05.

35. Plaintiff has made demand for compensation for Plaintiff's damages; however, nothing has been paid to Plaintiff.

36. Plaintiff has the right to pursue a foreclosure of his lien through arrest of the offending vessel, and to seize the Defendant Vessel and hold her until Plaintiff's lien (i.e., damages) is satisfied, or until sale of the offending vessel is ordered by the Court and such proceeds are used to satisfy such lien (and damages).

**WHEREFORE**, Plaintiff, BRYCE RASNAKE, demands judgment against the Defendant Vessel, ONE 2019 26' MONTEREY BOATS M-65, (HIN RGFDJ208I819/FL REG. FL8322SL) and prays for the following:

A. That process in due form of law according to practices of this Court and causes of Admiralty and Maritime Jurisdiction may issue against HINCKLEY CABIN MOTOR VESSEL, known as M/V *CAPRICORN*, its engines, tackle, equipment, apparel, appurtenances, etc., with an MMSI: 366783820, the Call

DocVerify ID: 2EA83341-78BC-462A-B58C-D3C91739DA14
www.docverify.com

Sign: WCZ8756, and the USCG ID: 641819, *in rem* (or against its substitute security *in rem*) and against Defendants, MARKO RADISIC, *in personam,* and ASHLEY DUVAL KOZEL, *in personam*, and that all persons having or claiming any interest therein be cited to appear and answer under oath all in singular the matters aforesaid, and that this Court announce a Judgment in favor of Plaintiff in a reasonable amount for the damages sustained by Plaintiff, with costs and prejudgment interest;

B. That this Court grant to Plaintiff, BRYCE RASNAKE, such other and further relief as this Court may deem just and appropriate within its equitable powers.

### COUNT III: NEGLIGENCE AGAINST
### JASON JEFFRY LONG

37. Plaintiff, BRYCE RASNAKE, incorporates herein by reference the allegations in paragraphs 1-24 as if fully set forth herein.

38. At all material times, Defendant, LONG, owned the Vessel, and had a legal duty to ensure that his Vessel followed all local, state, and federal rules in its navigation, and to use reasonable care in the operation, maintenance, management and ownership of the Vessel while operating on the navigable waters in the State of Florida, for the benefit of passengers, such as Plaintiff, BRYCE RASNAKE.

39. Defendant LONG breached the aforementioned duties because he directly, or vicariously through his agents or employees, acted unreasonably towards the

10

DocVerify ID: 2EA83341-78BC-462A-B58C-D3C91739DA14
www.docverify.com

2EA83341-78BC-462A-B58C-D3C91739DA14 — 2022/03/11 10:11:01 -8:00 — Remote Notary

safety of Plaintiff in operating, equipping, managing, entrusting and/or maintaining the Vessel at the time of the subject voyage in light of the following acts or omissions:

    a. Failed to maintain appropriate safety equipment onboard the Vessel;

    b. Failed to maintain sufficient safety protocols;

    c. Failed to employ a competent master for the subject voyage;

    d. Failed to employ adequate means of selecting crewmembers;

    e. Failed to assign an adequate number of employees to supervise the contemplated voyage;

    f. Failed to disengage the Vessel's propeller while situated with unsafe proximity to overboard passengers as imputed through his employees or agents;

    g. Failed to adequately train the Vessel's crewmembers and masters;

    h. Operated the Vessel in a careless manner as imputed through his employees or agents.

40. As a direct and proximate result of the aforementioned acts of LONG's negligence, Plaintiff BRYCE RASNAKE, suffered damages, including, but not limited to, medical bills and hospitalization, loss of earnings, loss of earnings capacity, emotional distress, permanent scarring, loss of the enjoyment of life, pain and suffering, and all such damages in the past and in the future, which LONG is liable for.

DocVerify ID: 2EA83341-78BC-462A-B58C-D3C91739DA14
www.docverify.com
Page 11 of 19    11D3C91739DA14

**WHEREFORE**, Plaintiff, BRYCE RASNAKE, demands judgment for his damages against Defendant, **JASON JEFFRY LONG**, along with costs incurred by Plaintiff in bringing this action, and any such other remedy and relief as this Court may deem just and appropriate.

**COUNT IV: NEGLIGENCE AGAINST
SALT LUXURY CHARTERS, INC.**

41. Plaintiff, BRYCE RASNAKE, incorporates herein by reference the allegations in paragraphs 1-24 as if fully set forth herein.

42. Defendant, SALT LUXURY CHARTERS, INC., as the Vessel's owner or manager, had a legal duty to observe reasonable care towards its customers in the operation, maintenance, management and/or ownership of the Vessel while being used for commercial gain on the navigable waters of Florida.

43. Defendant, SALT LUXURY CHARTERS, INC., breached the aforementioned duties because it directly, or vicariously through its owners, agents or employees, acted unreasonably towards the safety of Plaintiff in operating, equipping, managing, and/or maintaining the Vessel at the time of the subject voyage in light of the following acts or omissions:

    a. Failed to maintain appropriate safety equipment onboard the Vessel;

    b. Failed to maintain sufficient safety protocols;

    c. Failed to employ a competent master for the subject voyage;

    d. Failed to employ adequate means of selecting crewmembers;

12

2EA83341-78BC-462A-B58C-D3C91739DA14 — 2022/03/11 10:11:01 -8:00 — Remote Notary

e. Failed to assign an adequate number of employees to supervise the contemplated voyage;

f. Failed to disengage the Vessel's propeller while situated with unsafe proximity to overboard passengers as imputed through his employees or agents;

g. Failed to adequately train the Vessel's crewmembers and masters;

h. Operated the Vessel in a careless manner as imputed through his employees or agents.

44. As a direct and proximate result of the aforementioned acts of SALT LUXURY CHARTERS, INC.'s negligence, Plaintiff BRYCE RASNAKE, suffered damages, including, but not limited to, medical bills and hospitalization, loss of earnings, loss of earnings capacity, emotional distress, permanent scarring, loss of the enjoyment of life, pain and suffering, and all such damages in the past and in the future, which SALT LUXURY CHARTERS is liable for.

**WHEREFORE**, Plaintiff, BRYCE RASNAKE, demands judgment for his damages against Defendant, SALT LUXURY CHARTERS, INC., along with costs incurred by Plaintiff in bringing this action, and any such other remedy and relief as this Court may deem just and appropriate.

<u>**COUNT V: NEGLIGENCE AGAINST**</u>
<u>**COLLABORATIVE BOATING, INC., D/B/A BOATSETTER.**</u>

13

2EA83341-78BC-462A-B58C-D3C91739DA14 — 2022/03/11 10:11:01 -8:00 — Remote Notary

DocVerify ID: 2EA83341-78BC-462A-B58C-D3C91739DA14
www.docverify.com

45. Plaintiff, BRYCE RASNAKE, incorporates herein by reference the allegations in paragraphs 1-24 as if fully set forth herein.

46. Defendant, BOATSETTER, offered vessels for rent to the public for commercial gain in the State of Florida.

47. At all material times hereto, Defendant BOATSETTER approved the individuals that would Captain vessels rented through its service.

48. At all material times hereto, Defendant BOATSETTER assigned Captains that would operate the vessels listed for rent on its website.

49. On July 31, 2020, Plaintiff was a passenger onboard a vessel that was Captained and/or selected/approved by Defendant, BOATSETTER.

50. On July 31, 2020, the Captain approved and/or selected by BOATSETTER carelessly operated the subject Vessel and failed to observe reasonable care towards individuals, specifically Plaintiff, floating in the Vessel's vicinity.

51. As a result of the incident, Plaintiff sustained serious and permanent injuries.

52. At all times material hereto, Defendant, BOATSETTER had a duty to ensure that vessels booked through its website were adequately equipped by their owners, and Captained by individuals with adequate experience to safely transport customers.

53. At all times material, Defendant, BOATSETTER had a duty to observe reasonable care and diligence to investigate, select, and/or train the Captains furnished to operate the vessels rented through its website.

14

2EA83341-78BC-462A-B58C-D3C91739DA14 — 2022/03/11 10:11:01 -8:00 — Remote Notary

54. Defendant BOATSETTER was the employer and/or principal of the Captain that operated the Vessel at the time Plaintiff was injured.

55. BOATSETTER breached the aforementioned duties by failing to act with reasonable care in selecting, training, or assigning a Captain for the subject voyage, and by advertising vessels for charter on its website which it knew, or should have known, were unseaworthy and unsafe to carry passengers for the intended voyage on July 31, 2020.

56. As a direct and proximate result of the aforementioned acts of BOATSETTER's negligence, Plaintiff BRYCE RASNAKE, suffered damages, including, but not limited to, medical bills and hospitalization, loss of earnings, loss of earnings capacity, emotional distress, permanent scarring, loss of the enjoyment of life, pain and suffering, and all such damages in the past and in the future.

**WHEREFORE**, Plaintiff, BRYCE RASNAKE, demands judgment for his damages against Defendant, COLLABORATIVE BOATING, INC. d/b/a BOATSETTER, along with costs incurred by Plaintiff in bringing this action, and any such other remedy and relief as this Court may deem just and appropriate.

## COUNT VI: NEGLIGENCE AGAINST STEVEN ANTHONY SCHUMACHER

57. Plaintiff, BRYCE RASNAKE, incorporates herein by reference the allegations in paragraphs 1-24 as if fully set forth herein.

DocVerify ID: 2EA83341-78BC-462A-B58C-D3C91739DA14
www.docverify.com

2EA83341-78BC-462A-B58C-D3C91739DA14 — 20220311 10:11:01 -8:00 — Remote Notary

58. Defendant, SCHUMACHER, as the Captain of the Vessel, had a duty to Plaintiff to inspect that the Vessel was in a reasonably safe condition, prior to the commencement of the subject voyage on July 31, 2020.

59. Defendant, SCHUMACHER, had a duty to follow the local, state, and federal rules in his navigation of the Vessel, and to use reasonable care in the Vessel's operation while navigating on the territorial waters of the State of Florida, for the benefit of passengers, like Plaintiff, BRYCE RASNAKE

60. Defendant, SCHUMACHER, also had a duty to navigate the Vessel with reasonable care towards the public, and passengers, such as Plaintiff, and to operate its machinery and engines in a safe manner with regard to persons floating in the water in the immediate vicinity of the Vessel.

61. Defendant SCHUMACHER breached the aforementioned duties because he acted unreasonably in light of the following negligent acts or omissions:

    i.   Failed to maintain appropriate safety equipment onboard the Vessel;

    j.   Failed to maintain sufficient safety protocols;

    k.   Failed to employ a competent master for the subject voyage;

    l.   Failed to employ adequate means of selecting crewmembers;

    m.  Failed to assign an adequate number of employees to supervise the contemplated voyage;

    n.   Failed to disengage the Vessel's propeller while situated with unsafe proximity to overboard passengers as imputed through his employees

16

DocVerify ID: 2EA83341-78BC-462A-B58C-D3C91739DA14
www.docverify.com

2EA83341-78BC-462A-B58C-D3C91739DA14 — 2022/03/11 10:11:01 -8:00 — Remote Notary

or agents;

o. Failed to adequately train the Vessel's crewmembers and masters;

p. Operated the Vessel in a careless manner.

62. As a direct and proximate result of the aforementioned acts of SCHUMACHER's negligence, Plaintiff BRYCE RASNAKE, suffered damages, including, but not limited to, medical bills and hospitalization, loss of earnings, loss of earnings capacity, emotional distress, permanent scarring, loss of the enjoyment of life, pain and suffering, and all such damages in the past and in the future.

**WHEREFORE**, Plaintiff, BRYCE RASNAKE, demands judgment for his damages against Defendant, STEVEN ANTHONY SCHUMACHER, along with costs incurred by Plaintiff in bringing this action, and any such other remedy and relief as this Court may deem just and appropriate

Respectfully submitted on this ~~11th~~ 15th day of March 2022.

Frank D. Butler, Esq.
FBN: 940585
fdblawfirm@aol.com
Kelly Ann L. May, Esq.
FBN: 59286
kmay@fightingforfamilies.com
Frank D. Butler, P.A.
10550 US Highway 19 North
Pinellas Park, FL 33782
Phone: 727-399-2222
Fax: 727-399-2202
Service: courtdocserve@fdblawfirm.com
Secondary: kallen@fightingforfamilies.com

2EA83341-78BC-462A-B58C-D3C91739DA14 — 2022/03/11 10:11:01 -8:00 — Remote Notary

DocVerify ID: 2EA83341-78BC-462A-B58C-D3C91739DA14
www.docverify.com



*Attorneys for Plaintiff*

**/s/ Kelly Ann L. May, Esquire**
 Kelly Ann L. May, Esq.

18

DocVerify ID: 2EA83341-78BC-462A-B58C-D3C91739DA14
www.docverify.com

Page 18 of 19    18D3C91739DA14

## VERIFICATION

I, BRYCE RASNAKE, being duly sworn, depose and state that I am the Plaintiff herein; that I have read the foregoing Complaint and am familiar with its contents; that the source of my information is based on personal, first-hand knowledge of the events described in the Complaint, and that the same is true and correct.

Bryce Rasnake
Signed on 2022/03/11 10:22:10 -8:00

_____
BRYCE RASNAKE

**STATE OF FLORIDA**

**COUNTY OF PINELLAS**

    **BEFORE ME**, the undersigned authority, personally appeared, BRYCE RASNAKE, who produced ___Personally Known___ as identification.

    **SWORN TO AND SUBSCRIBED** before me on this 11th day of March 2022.

Sandra L. Santiago
Signed on 2022/03/11 10:22:10 -8:00

_____
NOTARY PUBLIC

Sandra L. Santiago
Commission # HH 33482
Notary Public - State of Florida
My Commission Expires Aug 18, 2024

Notary Stamp 2022/03/11 11:22:10 PST          8448D704F751

Notarial act performed by audio-visual communication

19

2EA83341-78BC-462A-B58C-D3C91739DA14 — 2022/03/11 10:11:01 -8:00 — Remote Notary